ERIE CITY IRON WORKS, INC., Respondent, vs. CITY OF
MARSHFIELD, Appellant.

*December 11, 1924—March 10, 1925.*

*Evidence: Parol evidence: Where no ambiguity exists.*

A contract to install a boiler for the defendant city, which in-
cluded a provision that brick work connected with the setting
of two other boilers would be repaired, is construed not to
be ambiguous when applied to the subject matter, and the
plaintiff was under no liability to repair the brick work about
the furnace proper.

APPEAL from a judgment of the circuit court for Wood
county: BYRON B. PARK, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *P. A. Williams* of
Marshfield, attorney, and *Goggins, Brazeau & Graves* of
Wisconsin Rapids, of counsel, and oral argument by *Theo.
M. Brazeau.*

For the respondent there was a brief by *R. E. Andrews*
of Marshfield and *Charles E. Briere* of Wisconsin Rapids,
and oral argument by *Mr. Briere.*

The following opinion was filed January 13, 1925:

JONES, J.    This is a case involving the interpretation of
the terms of a contract, the wording of which is not disputed.
The plaintiff corporation obtained a contract from the de-
fendant city to install a boiler for the city, and in order to
obtain this contract the agent of the plaintiff agreed to repair
certain brick work connected with two other boilers, said
repair work to be included in the bid for the installation of
the new boiler.   By the terms of the original proposal made
by the plaintiff, Exhibit A, it was provided that "it is under-
stood that contractor will make necessary repairs to the
brick work on the present setting of two 300 horse-power
boilers.   This does not contemplate any repairs to the fur-
nace brick work or other repairs which may be occasioned

by ordinary wear and tear of operation." In a letter, Exhibit B, dated March 25, 1922, written by the plaintiff to the defendant with respect to the proposal, it was stated: "If we are given the contract for the 557 horse-power vertical water tube boiler, together with the brick work, on which we have submitted proposal today, we will agree to make necessary repairs to the brick work on your present setting of two 300 H. P. Erie City vertical water tube boilers." All contracts were made subject to the approval of the home office at Erie, Pennsylvania. Five days later the plaintiff wrote another letter, Exhibit C, acknowledging the receipt of acceptance by the city of the proposal, and of its order. The order was accepted by the plaintiff in the letter which contained the following clause and which stated, with reference to the order, that it "included the necessary repairing to the brick work on your present setting of two 300 H. P. water tube boilers, it being understood that in making these repairs we are not to make any repairs to the furnace brick work or any other repairs which may be occasioned by ordinary wear and tear of operation."

The plaintiff claims that it has performed its obligations in accordance with the terms of the contract and that the defendant is withholding the amount of $624.90, being part of the sum due under the terms of the contract.

The defendant sets up that the plaintiff failed to repair the brick work about the furnace as required by the contract, and that the sum withheld is the amount which the city had to expend in order to have the repairs made. The defendant claims that all of the brick work about the boilers, whether immediately about the part used as a furnace or about the boilers proper, is to be understood as included in the clause of the contract wherein the plaintiff agrees to repair all of the brick work of the present setting of the two 300 horse-power boilers. The plaintiff contends that "the setting" and "the furnace brick work" are distinct

parts of the whole and are so set out in the clause immediately following that upon which the defendant relies; that the repair work on the setting proper was undertaken by the plaintiff, and that the repair work for which the defendant has withheld the amount in issue is the repair work to the furnace, which the plaintiff, by the express terms of the contract, refused to undertake. The circuit court decided in favor of the plaintiff, and the appeal is brought on the question whether by the terms of the contract the plaintiff was bound to undertake the repairs on the furnace.

Some claim is made by the appellant that the furnace part of the first boiler was constructed by the plaintiff; that it was defective; and that there was a moral obligation to repair it. We find no testimony in the record to that effect. The only testimony on the subject is that the furnace part was constructed by another company.

There was no evidence that the plaintiff refused or was not willing according to the contract to make necessary repairs "on the present setting of the two 300 H. P. boilers." It was the view of the trial court that the contract was not ambiguous and did not require the plaintiff to repair the brick work on the furnace proper. Considerable testimony was offered and received on the theory urged by the defendant that there was a latent ambiguity in the written contract. This evidence consisted of statements made by the agent of the plaintiff, mostly before the contract was executed, of correspondence and of statements as to the meaning and interpretation to be given to the contract. Witnesses for the defendant testified that the furnace was a part of the vertical boilers; that there was no distinction between the setting of the boilers and the furnace brick work; that the setting and furnace brick work are all one, and gave it as their interpretation of the meaning of the contract that it included the repairs in the furnace brick work because it was a part of the boiler setting. Counsel for the appellant

rely on an exception to the general rule that parol evidence is not admissible to contradict or vary the terms of a valid written document. The exception relied on is that, on applying the writing to the subject matter to which it relates, parol evidence of facts and circumstances surrounding the execution of the writing may be received to solve the ambiguity, if one appears. We agree with the trial court that when the contract is applied to the subject matter no ambiguity appears in this case. A drawing which is part of the record shows that the portion of the heating system described as the furnace extends well forward of the boilers, and it is clear from the evidence that repairs on the brick work necessary for the setting of the two boilers has no necessary connection with repairs on the furnace. The contention of the appellant's counsel that repairs on the brick work necessary for setting the boilers included repairs on the furnace would have much greater force if the clause as to the furnace brick work had been omitted. Then there might have been some basis for evidence of the character relied on, and it might be argued with authority to support the proposition that the word "boilers" might have more than one meaning. But the contract shows on its face that while the plaintiff was to perform work connected with setting the boilers, repairs on the furnace were expressly excluded. The meaning of the contract on its face seems very clear. It is sometimes held that if the construction of a contract according to its apparent meaning would lead to an absurd conclusion, it is reasonable to permit parol explanation. *Klueter v. Joseph Schlitz B. Co.* 143 Wis. 347, 128 N. W. 43. But there is no such situation here, and the parol evidence relied on was not to explain any ambiguity but to create one as to a contract the meaning of which was not doubtful. The effect of the parol evidence would be not to explain the contract but to contradict it. It would have the effect of eliminating a term of the contract which was

undoubtedly regarded as important by the plaintiff. The integrity of written contracts cannot be thus impeached on any of the grounds suggested by the appellant's counsel.

The plaintiff made a claim against the defendant for five days' delay in the prosecution of the work, caused by the city. The defendant city filed a counterclaim for delay on the part of the plaintiff. Both of these claims were disallowed by the trial court on the facts proven. We see no reason for disturbing the judgment of the circuit court as to either claim.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on March 10, 1925.